JULIE A. TOTTEN (State Bar No. 166470)
jatotten@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, CA 95814-4497
Telephone:    (916) 447-9200
Facsimile:    (916) 329-4900

MICHAEL D. WEIL (State Bar No. 209056)
mweil@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:    415-773-5700
Facsimile:    415-773-5759

Attorneys for Defendant
INSTITUTIONAL TRADING CORPORATION (erroneously
sued as "Institutional Trading Company), IT.COM

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

SC

| | |
|---|---|
| KWONG YUNG, | CV 07 5949 |
| Plaintiff, | Case No. |
| v. | **NOTICE OF REMOVAL** |
| INSTITUTIONAL TRADING COMPANY, a corporation, IT.COM, a corporation, DOES 1 to 10., | |
| Defendant. | |

1    To the Clerk of Court, plaintiff Kwong Yung, and his attorneys of record:

2    PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. section 1441 *et seq.*, defendants

3    International Trading Corporation and IT.com hereby remove this action from the Superior Court

4    of California for the City and County of San Francisco to this Court, based on the following facts:

5    ### PROCEEDINGS TO DATE

6    1.    On September 28, 2007, a civil action was commenced in the Superior Court of

7    California for the City and County of San Francisco entitled "Kwong Yung v. International

8    Trading Corporation, et al." No. CGC 07-467685 (the "Action"). A true copy of the complaint

9    and the summons and other papers issued with the complaint are attached to this notice as Exhibit

10   A. The allegations of the complaint in the Action are incorporated by reference in this notice

11   without necessarily admitting any of them.

12   2.    On October 15, 2007, plaintiff served the complaint via registered mail pursuant to

13   California Code of Civil Procedure section 415.40. Accordingly, pursuant to California Code of

14   Civil Procedure section 415.40, service of the complaint was not effective until October 25, 2007.

15   Therefore, this notice is timely filed under 28 U.S.C. section 1446(b).

16   3.    Pursuant to Civil Local Rule 3-16, the undersigned certifies that as of this date,

17   other than the named parties, there is no party known to have either: (1) a financial interest (of

18   any kind) in the subject matter in controversy or in a party to the proceeding; or (2) any other kind

19   of interest that could be substantially affected by the outcome of the proceeding.

20   4.    Defendants are informed and believe and on that basis allege that there is no other

21   named defendant and that no other defendant, whether named or not, has been served with or

22   otherwise received the complaint in the Action.

23   ### JURISDICTION

24   5.    This Court has original jurisdiction over this civil action pursuant to 28 U.S.C.

25   § 1332, as (i) the defendants to this action and the plaintiff are citizens of different states, and

26   (ii) the defendants are informed and believe, and therefore allege, that the amount in controversy

27   exceeds the sum of $75,000, exclusive of interest and costs. Therefore, this action is removable

28   pursuant to 28 U.S.C. § 1441(a).

OHS West:260335899.1

NOTICE OF REMOVAL
(U.S.D.C. N.D. Ca., Case No. _____)

1

2                             **GROUNDS FOR REMOVAL**

3      6.    This action is a civil action between citizens of different states, for purposes of 28

4  U.S.C. § 1332(a)(i), because plaintiff and defendants are of diverse citizenship.

5                a.    Defendants are informed and believes, and on that basis alleges, that at the

6                      time he commenced the Action, plaintiff was, and remains, a citizen of the

7                      State of California.

8                b.    Defendant International Trading Corporation is, and at the time that the

9                      Action was commenced was, a corporation incorporated under the laws of

10                      the District of Columbia with its principal place of business in the District

11                      of Columbia.

12                c.    Defendant IT.com is, and at the time that the Action was commenced was,

13                      a corporation incorporated under the laws of the District of Columbia with

14                      its principal place of business in the District of Columbia.

15                d.    Plaintiff's Complaint also sues fictitious "Doe" defendants, but their

16                      citizenship may be disregarded for purposes of establishing this Court's

17                      jurisdiction upon removal based upon diversity of citizenship.  *See* 28

18                      U.S.C. § 1441(a) ("For purposes of removal under this chapter, the

19                      citizenship of defendants sued under fictitious names shall be

20                      disregarded."); *see also Bryant* v. *Ford Motor Co.*, 886 F.2d 1526 (9th Cir.

21                      1989), *cert. denied*, 493 U.S. 1076 (1990).

22      7.    This action meets the amount in controversy requirement of 28 U.S.C. § 1332(b),

23  as plaintiff alleges in his complaint that he is entitled to general damages, special damages,

24  exemplary damages, punitive damages and reasonable attorney's fees.  In particular, plaintiff

25  alleges that he was damaged in the amount of $220,000.

26      8.    Based on the foregoing, this Action is subject to removal to this Court under 28

27  U.S.C. sections 1332(a) and 1441(a).

28      9.    Because this Action is currently pending before the Superior Court of California

1   for the City and County of San Francisco, this District is the proper venue for this Action upon

2   removal. *See* 28 U.S.C. § 1441(a).

3   Dated: November 26, 2007

                             JULIE A. TOTTEN
4                                 MICHAEL D. WEIL
                                ORRICK, HERRINGTON & SUTCLIFFE LLP

5

6                                 By: _____

7                                       Michael D. Weil
                                     Attorney for Defendants
8                         Institutional Trading Corporation, IT.com

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
INSTITUTIONAL TRADING COMPANY, a corporation, IT.COM,
a corporation, DOES 1 TO 10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
KWONG YUNG

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for  your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Francisco Superior Court
400 McAllister Street
San Francisco, CA 94102

**CASE NUMBER:**
*(Número del Caso):* CGC - 0 7 - 4 6 7 6 8 5

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Albert L. Boasberg, Esq.
155 Montgomery Street, Suite 1010
San Francisco, CA 94104    415-989-6960

DATE:    SEP 2 8 2007    Gordon Park-Li    Clerk, by    Deborah Steppe    , Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

CEB

Code of Civil Procedure §§ 412.20, 465

# NOTICE TO PLAINTIFF

A Case Management Conference is set for

DATE: **FEB-29-2008**

TIME: **9:00AM**

PLACE: **Department 212**
**400 McAllister Street**
**San Francisco, CA 94102-3680**

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

## ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL.**
(SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

**See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges**

1  ALBERT L. BOASBERG
2  Attorney at Law
   Alexander Building, Suite 1008 **CASE MANAGEMENT CONFERENCE SET**
3  155 Montgomery Street
   San Francisco, CA 94104
4  Telephone (415) 989-6960       FEB 2 9 2008  -9⁰⁰ AM
5  State Bar No. 31205
                                  DEPARTMENT 212
6  Attorney for Plaintiff

7               SUPERIOR COURT OF THE STATE OF CALIFORNIA

8            IN AND FOR THE CITY AND COUNTY OF SAN FRANCISCO

9                      UNLIMITED JURISDICTION
10                                              CGC-07-467685

11 KWONG YUNG,                    )        No.
                                  )
12                                )
                    Plaintiff,    )        COMPLAINT FOR MONEY
13         vs.                    )
                                  )
14 INSTITUTIONAL TRADING          )
   COMPANY, a corporation,        )
15 IT. COM, a corporation, DOES 1 to 10, )
                                  )
16                                )
                    Defendants.   )
17                                )

18

19                     Plaintiff complains and alleges:

20                     **FIRST CAUSE OF ACTION**
                       **(Breach of Written Contract)**
21

22                              I

23         At all times mentioned herein, Plaintiff, KWONG YUNG, was and

24 now is an individual, residing in the State of California.

25         At all times mentioned herein, Defendants, INSTITUTIONAL

26 TRADING COMPANY and IT. COM, were and now are

27 corporations, doing business in many states of the United States, including the State of

28

Complaint for Money

1

2 California.

3         The written agreement sued upon herein was to be performed in

4 the City and County of San Francisco, State of CA.

5 II

6

7         Plaintiff does not know the true names or identities of the

8 Defendants sued herein under the fictitious names of "DOES 1 to 10," and therefore sues said

9 Defendants under such fictitious names.

10         Plaintiff prays leave to amend his complaint in order to identify

11 and charge properly said Defendants, whenever the necessary facts are ascertained.

12         At all times mentioned herein, said fictitious Defendants were the

13 agents, servants and employees of the corporate Defendants sued herein, and acted within the

14 course and scope of their said agency and employment.

15

16 III

17         On or about November 26, 2005, Defendants hired Plaintiff to

18 become an employee by means of a written offer accepted by Plaintiff the same day.

19 IV

20

21         By the terms of said written agreement, Plaintiff was to be

22 employed by Defendants for a period of three years commencing December 1, 2005 as a

23 supervising engineer.

24         Plaintiff was promised a salary of $110,000 per year, plus free

25 health care benefits, together with 3% of the outstanding stock of Defendant corporation.

26         In addition, Plaintiff was to receive reimbursement for his travel

27 and related expenses for three business trips to San Francisco per year.

28

2

**V**

Plaintiff duly performed all the terms and conditions of his employment. However, on or about December 12, 2006, Defendants breached their said written agreement with Plaintiff by terminating his employment for no reason.

At the time of his termination, Plaintiff was owed salary of $9,248.92 for the month of December, 2006; plus reimbursement of travel expenses in the sum of $7,608.40; plus 3% of the outstanding shares of Defendant corporations.

**VI**

As a direct and proximate result of Defendants' breach of contract, Plaintiff has also been damaged in the further sum of $220,000, representing the balance of salary due him under his contract of employment with Defendants for the remaining term thereof, together with health care benefits for said period of time.

WHEREFORE, Plaintiff prays for judgment against Defendants, as hereinafter set forth.

**SECOND CAUSE OF ACTION**
**(Unpaid Wages)**

**VII**

Plaintiff realleges and incorporates herein by reference each and every allegation contained in his First Cause of Action, as if set forth herein in full.

**VIII**

At the time of Plaintiff's termination, he was owed the sum of $9,248.92 in unpaid salary for the month of December, 2006.

**IX**

The refusal of Defendants to pay Plaintiff his salary for said month

was willful.

## X

Plaintiff is entitled under law to waiting time penalties of $12,805.50, in addition to his unpaid salary.

WHEREFORE, Plaintiff prays for judgment against Defendants, as hereinafter set forth.

## THIRD CAUSE OF ACTION
### (Conversion)

## XI

Plaintiff realleges and incorporates herein by reference the allegations contained in Paragraph I through III hereof, as if set forth herein in full.

## XII

At all times mentioned herein, Plaintiff was the owner of a MacBook Pro laptop computer and entitled to its immediate possession.

## XIII

On or about December 19, 2006, Defendants converted to their own use and benefit Plaintiff's said laptop computer, together with Plaintiff's personal and proprietary files and materials contained therein.

## XIV

At the time of its conversion, the fair market value of Plaintiff's computer was the sum of $2,500.

WHEREFORE, Plaintiff prays for judgment against Defendants, as hereinafter set forth.

4

**FOURTH CAUSE OF ACTION**
**(Fraud)**

**XV**

Plaintiff realleges and incorporates herein by reference each and every allegation contained in Paragraph I though III hereof, as if set forth herein in full.

**XVI**

At the time Defendants made their promise of employment to Plaintiff, as alleged in his First Cause of Action, Defendants had no intention of performing it.

**XVII**

Defendants' promise without any intention of performance was made with intent to defraud and to induce Plaintiff to rely upon it and to accept Defendant's offer of employment.

**XVIII**

At the time Plaintiff accepted Defendant's offer of employment, Plaintiff was unaware of Defendants' intention not to perform their promise. In justifiable reliance thereon, Plaintiff accepted Defendant's offer of employment.

**XIX**

As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged in the sum of $220,000.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, jointly and severally, as follows:

**FIRST CAUSE OF ACTION**

1.     For the sum of $220,000, comprising the balance of Plaintiff's salary due him for the remaining two years left on his employment agreement;

5

2.    For such sum as may be hereafter ascertained, representing the healthcare benefits for said remaining two years of Plaintiff's term of employment;

3.    For such sum as may be hereafter ascertained, representing the fair market value of 3% of the outstanding corporate stock of Defendant;

4.    For the sum of $9,248.92 for unpaid salary for the month of December, 2006;

5.    For the sum of $7,608.40, representing Plaintiff's unreimbursed travel expenses:

6.    For prejudgment interest on all said sums at the rate of 10% per annum;

7.    For costs of suit; and

8.    For such other relief as may be meet and proper.

**SECOND CAUSE OF ACTION**

1.    For the sum of $9,248.92 representing unpaid salary for the month of December, 2006;

2.    For the sum of $12,805.50 representing waiting time penalties;

3.    For reasonable attorney's fees;

4.    For prejudgment interest on all said sums at the rate of 10% per annum;

5.    For costs of suit; and

6.    For such other relief as may be meet and proper.

**THIRD CAUSE OF ACTION**

1.    For the sum of $2,500, representing the fair market value

6

of Plaintiff's computer at the time it was converted by Defendants;

2.       For an order of this Cour requiring Defendants to return to Plaintiff all the data contained on the hard drive of said computer;

3.       For punitive or exemplary damages, according to proof;

4.       For prejudgment interest on all said sums at the rate of 10% per annum;

5.       For costs of suit; and

6.       For such other relief as may be meet and proper.

## FOURTH CAUSE OF ACTION

1.       For the sum of $220,000, representing Plaintiff's unpaid salary for the remaining balance of his term of employment by Defendants;

2.       For punitive damages according to proof;

3.       For prejudgment interest on all said sums at the rate of 10% per annum;

4.       For costs of suit; and

5.       For such other relief as may be meet and proper.

Dated: September 26, 2007.

_____

ALBERT L. BOASBERG,
Attorney for Plaintiff

7

# Alternative Dispute Resolution (ADR) Information Package

# Alternatives to Trial

# Here are some other ways to resolve a civil dispute.

The plaintiff must serve a copy of the ADR information package
on each defendant along with the complaint.  (CRC 201.9(c))

**Superior Court of California**
**County of San Francisco**



# Introduction

**Did you know that most civil lawsuits settle without a trial?**

**And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?**

**These alternatives to a lawsuit are known as alternative dispute resolutions (ADR). The most common forms of ADR are mediation, arbitration and case evaluation. There are a number of other kinds of ADR as well.**

**In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.**

**ADR is not new. ADR is available in many communities through dispute resolution programs and private neutrals.**

# Advantages of ADR

**ADR can have a number of advantages over a lawsuit.**

- *ADR can be speedier.* **A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.**

- *ADR can save money.* **Court costs, attorneys fees, and expert fees can be saved.**

- *ADR can permit more participation.* **The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.**

- *ADR can be flexible.* **The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.**

- *ADR can be cooperative.* **This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.**

- *ADR can reduce stress.* There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.

- *ADR can be more satisfying.* For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' position harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

## Disadvantages of ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

- The neutral may charge a fee for his or her services.

- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

- Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

# ALTERNATIVE DISPUTE RESOLUTION PROGRAMS
## Of the San Francisco Superior Court

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to a mandatory settlement conference or trial." (Superior Court Local Rule 4)

This guide is designed to assist attorneys, their clients and self-represented litigants in complying with San Francisco Superior Court's alternative dispute resolution ("ADR") policy. Attorneys are encouraged to share this guide with clients. By making informed choices about dispute resolution alternatives, attorneys, their clients and self-represented litigants may achieve a more satisfying resolution of civil disputes.

The San Francisco Superior Court currently offers three ADR programs for civil matters; each program is described below:

1)   Judicial arbitration
2)   Mediation
3)   The Early Settlement Program (ESP) in conjunction with the San Francisco Bar Association.

## JUDICIAL ARBITRATION

### Description

In arbitration, a neutral "arbitrator" presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case. When the Court orders a case to arbitration it is called judicial arbitration. The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.

Although not currently a part of the Court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties



voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

### Operation

Pursuant to CCP 1141.11 and Local Rule 4, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. A case is ordered to arbitration after the Case Management Conference. An arbitrator is chosen from the Court's Arbitration Panel. Most cases ordered to arbitration are also ordered to a pre-arbitration settlement conference. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is <u>not</u> binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a court trial within 30 days after the arbitrator's award has been filed.

### Cost

There is no cost to the parties for judicial arbitration or for the pre-arbitration settlement conference.

## MEDIATION

### Description

Mediation is a voluntary, flexible, and confidential process in which a neutral third party "mediator" facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of the dispute after exploring the significant interests, needs, and priorities of the parties in light of relevant evidence and the law.

Although there are different styles and approaches to mediation, most mediations begin with presentations of each side's view of the case. The mediator's role is to assist the parties in communicating with each other, expressing their interests, understanding the interests of opposing parties, recognizing areas of agreement and generating options for resolution. Through questions, the mediator aids each party in assessing the strengths and weaknesses of their position.

A mediator does not propose a judgment or provide an evaluation of the merits and value of the case. Many attorneys and litigants find that mediation's emphasis on cooperative dispute resolution produces more satisfactory and enduring resolutions. Mediation's non-adversarial approach is particularly effective in disputes in which the parties have a continuing relationship, where there are multiple parties, where equitable relief is sought, or where strong personal feelings exist.

### Operation

San Francisco Superior Court Local Court Rule 4 **provides three different voluntary mediation programs** for civil disputes. An appropriate program is available for all civil cases, regardless of the type of action or type of relief sought.

To help litigants and attorneys identify qualified mediators, the Superior Court maintains a list of mediation providers whose training and experience have been reviewed and approved by the Court. The list of court approved mediation providers can be found at www.sfgov.org/courts. Litigants are not limited to mediators on the court list and may select any mediator agreed upon by all parties. A mediation provider need not be an attorney.

Local Rule 4.2 D allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate within 240 days from the date the complaint is filed. If settlement is not reached through mediation, a case proceeds to trial as scheduled.

### Private Mediation

The Private Mediation program accommodates cases that wish to participate in private mediation to fulfill the court's alternative dispute resolution requirement. The parties select a mediator, panel of mediators or mediation program of their choice to conduct the mediation. The cost of mediation is borne by the parties equally unless the parties agree otherwise.

Parties in civil cases that have not been ordered to arbitration may consent to private mediation at any point before trial. Parties willing to submit a matter to private mediation should indicate this preference on the Stipulation to Alternative Dispute Resolution form or the Case Management Statement (CM-110). Both forms are attached to this packet.

### *Mediation Services of the Bar Association of San Francisco*

The Mediation Services is a coordinated effort of the San Francisco Superior Court and The Bar Association of San Francisco (BASF) in which a court approved mediator provides three hours of mediation at no charge to the parties. It is designed to afford civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint, in an effort to resolve the matter before substantial funds are expended on the litigation process. Although the goal of the program is to provide the service at the outset of the litigation, the program may be utilized at anytime throughout the litigation process.

The mediators participating in the program have been pre-approved by the court pursuant to strict educational and experience requirements.

After the filing of the signed Stipulation to Alternative Dispute Resolution form included in this ADR package the parties will be contacted by BASF. Upon payment of the $200 per party administration fee, parties select a specific mediator from the list of court approved mediation providers. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waiver of the administrative fee based on financial hardship is available.

A copy of the Mediation Services rules can be found on the BASF website at www.sfbar.org, or you may call BASF at 415-782-8913

### *Judicial Mediation*

The Judicial Mediation program is designed to provide early mediation of complex cases by volunteer judges of the San Francisco Superior Court. Cases considered for the program include construction defect, employment discrimination, professional malpractice, insurance coverage, toxic torts and industrial accidents.

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court Alternative Dispute Resolution Coordinator will coordinate assignment of cases that qualify for the program.

## Cost

Generally, the cost of Private Mediation ranges from $200 per hour to $400 per hour and is shared equally by the parties. Many mediators are willing to adjust their fees depending upon the income and resources of the parties. Any party who meets certain eligibility requirements may ask the court to appoint a mediator to serve at no cost to the parties.

The Mediation Services of the Bar Association of San Francisco provides three hours of mediation time at no cost with a $200 per party administrative fee.

There is no charge for participation in the Judicial Mediation program.

## EARLY SETTLEMENT PROGRAM

### Description

The Bar Association of San Francisco, in cooperation with the Court, offers an Early Settlement Program ("ESP") as part of the Court's settlement conference calendar. The goal of early settlement is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of the dispute. The two-member volunteer attorney panel reflects a balance between plaintiff and defense attorneys with at least 10 years of trial experience.

As in mediation, there is no set format for the settlement conference. A conference typically begins with a brief meeting with all parties and counsel, in which each is given an opportunity to make an initial statement. The panelists then assist the parties in understanding and candidly discussing the strengths and weaknesses of the case. The Early Settlement Conference is considered a "quasi-judicial" proceeding and, therefore, is not entitled to the statutory confidentiality protections afforded to mediation.

### Operation

Civil cases enter the ESP either voluntarily or through assignment by the Court. Parties who wish to choose the early settlement process should indicate this preference on the status and setting conference statement.



If a matter is assigned to the ESP by the Court, parties may consult the ESP program materials accompanying the "Notice of the Early Settlement Conference" for information regarding removal from the program.

Participants are notified of their ESP conference date approximately 4 months prior to trial. The settlement conference is typically held 2 to 3 months prior to the trial date. The Bar Association's ESP Coordinator informs the participants of names of the panel members and location of the settlement conference approximately 2 weeks prior to the conference date.

Local Rule 4.3 sets out the requirements of the ESP. All parties to a case assigned to the ESP are required to submit a settlement conference statement prior to the conference. All parties, attorneys who will try the case, and insurance representatives with settlement authority are required to attend the settlement conference. If settlement is not reached through the conference, the case proceeds to trial as scheduled.

### *Cost*

All parties must submit a $200 generally non-refundable administrative fee to the Bar Association of San Francisco. Parties who meet certain eligibility requirements may request a fee waiver. For more information, please contact the ESP Coordinator at (415) 982-1600.

* * * * * * * * * * * * * * * * * * *

For further information about San Francisco Superior Court ADR programs or dispute resolution alternatives, please contact:

Superior Court Alternative Dispute Resolution Coordinator,
400 McAllister Street, Room 103
San Francisco, CA   94102
(415) 551-3876

or visit the Superior Court Website at
http://sfgov.org/site/courts_page.asp?id=3672

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN FRANCISCO
### 400 McAllister Street, San Francisco, CA  94102-4514

| | |
|---|---|
| Plaintiff<br><br>v.<br><br>Defendant | Case No. _____<br><br>**STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION** |

**The parties hereby stipulate that this action shall be submitted to the following alternative dispute resolution process:**

☐ Private Mediation          ☐ Mediation Services of BASF    ☐ Judicial Mediation
☐ Binding arbitration                                          Judge _____
☐ Non-binding judicial arbitration                            Judge _____
☐ BASF Early Settlement Program
☐ Other ADR process (describe) _____

**Plaintiff(s) and Defendant(s) further agree as follows:**

_____

_____

_____

---

Name of Party Stipulating            Name of Party or Attorney Executing Stipulation    Signature of Party or Attorney

☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant                Dated: _____

---

Name of Party Stipulating            Name of Party or Attorney Executing Stipulation    Signature of Party or Attorney

☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant                Dated: _____

---

Name of Party Stipulating            Name of Party or Attorney Executing Stipulation    Signature of Party or Attorney

☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant                Dated: _____

☐ *Additional signature(s) attached*

---

ADR-2  3/06                        **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:                    FAX NO. *(Optional)*:
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*:

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| **(Check one):** ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000)   ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date:                    Time:                    Dept.:            Div.:            Room:

Address of court *(if different from the address above)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. ☐  This statement is submitted by party *(name)*:
   b. ☐  This statement is submitted jointly by parties *(names)*:


2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐  The complaint was filed on *(date)*:
   b. ☐  The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐  All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐  The following parties named in the complaint or cross-complaint
      (1) ☐  have not been served *(specify names and explain why not)*:

      (2) ☐  have been served but have not appeared and have not been dismissed *(specify names)*:

      (3) ☐  have had a default entered against them *(specify names)*:

   c. ☐  The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served)*:


4. **Description of case**
   a.  Type of case in  ☐ complaint   ☐ cross-complaint      *(describe, including causes of action)*:

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2007]

**CASE MANAGEMENT STATEMENT**

Page 1 of 4

Cal. Rules of Court,
rules 3.720–3.730
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-110

| PLAINTIFF/PETITIONER | CASE NUMBER |
|---|---|
| DEFENDANT/RESPONDENT: | |

4  b    Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐    *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.    **Jury or nonjury trial**
The party or parties request    ☐ a jury trial    ☐ a nonjury trial    *(if more than one party, provide the name of each party requesting a jury trial):*

6.    **Trial date**
a    ☐    The trial has been set for *(date)*.
b    ☐    No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.    Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability)*

7    **Estimated length of trial**
The party or parties estimate that the trial will take *(check one)*:
a    ☐    days *(specify number)*:
b    ☐    hours (short causes) *(specify)*.

8    **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial    ☐ by the attorney or party listed in the caption    ☐ by the following
a    Attorney:
b    Firm:
c    Address:
d    Telephone number:
e    Fax number:
f    E-mail address:
g    Party represented:
☐    Additional representation is described in Attachment 8.

9    **Preference**
☐    This case is entitled to preference *(specify code section):*

10    **Alternative Dispute Resolution (ADR)**
a    Counsel    ☐ has    ☐ has not    provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client
b    ☐    All parties have agreed to a form of ADR. ADR will be completed by *(date)*
c    ☐    The case has gone to an ADR process *(indicate status):*

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. d.  The party or parties are willing to participate in *(check all that apply)*:

    (1) ☐ Mediation

    (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141 12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

    (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141 12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

    (4) ☐ Binding judicial arbitration

    (5) ☐ Binding private arbitration

    (6) ☐ Neutral case evaluation

    (7) ☐ Other *(specify)*:

    e.  ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

    f.  ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

    g.  ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption)*:

**11. Settlement conference**

    ☐ The party or parties are willing to participate in an early settlement conference *(specify when)*:

**12. Insurance**

    a.  ☐ Insurance carrier, if any, for party filing this statement *(name)*:

    b.  Reservation of rights:  ☐ Yes  ☐ No

    c.  ☐ Coverage issues will significantly affect resolution of this case *(explain)*:

**13. Jurisdiction**

    Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

    ☐ Bankruptcy  ☐ Other *(specify)*:

    Status:

**14. Related cases, consolidation, and coordination**

    a.  ☐ There are companion, underlying, or related cases.

        (1) Name of case:

        (2) Name of court:

        (3) Case number:

        (4) Status:

        ☐ Additional cases are described in Attachment 14a.

    b.  ☐ A motion to  ☐ consolidate  ☐ coordinate  will be filed by *(name party)*:

**15. Bifurcation**

    ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

**16. Other motions**

    ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER |
|---|---|
| DEFENDANT/RESPONDENT: | |

17. **Discovery**

   a. ☐ The party or parties have completed all discovery.

   b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| | | |

   c. ☐ The following discovery issues are anticipated *(specify)*:

18. **Economic Litigation**

   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

19. **Other issues**

   ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

20. **Meet and confer**

   a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

   b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

21. **Case management orders**

   Previous case management orders in this case are *(check one)*: ☐ none ☐ attached as Attachment 21.

22. Total number of pages attached *(if any)* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date

_____ | ► | _____
(TYPE OR PRINT NAME) | | (SIGNATURE OF PARTY OR ATTORNEY)

_____ | ► | _____
(TYPE OR PRINT NAME) | | (SIGNATURE OF PARTY OR ATTORNEY)

   ☐ Additional signatures are attached

CM-110 [Rev. January 1, 2007]        **CASE MANAGEMENT STATEMENT**        Page 4 of 4



# Superior Court of California
## County of San Francisco

# Judicial Mediation Program

### Introducing a new court alternative dispute resolution program that provides judicial mediation of complex civil cases

The Judicial Mediation program offers mediation of complex civil litigation by a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

The Honorable David L. Ballati
The Honorable Anne Bouliane
The Honorable Ellen Chaitin
The Honorable John J. Conway
The Honorable Robert L. Dondero
The Honorable Ernest H. Goldsmith
The Honorable Curtis E. A. Karnow
The Honorable Patrick J. Mahoney

The Honorable Tomar Mason
The Honorable James J. McBride
The Honorable Kevin M. McCarthy
The Honorable John E. Munter
The Honorable Ronald Evans Quidachay
The Honorable A. James Robertson, II
The Honorable Mary E. Wiss

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program and deliver a courtesy copy to Dept. 212. A preference for a specific judge may be indicated. The court Alternative Dispute Resolution Coordinator will facilitate assignment of cases that qualify for the program.

Note: Space is limited. Submission of a stipulation to judicial mediation does not guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
(415) 551-3876

12/15/06