UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KWONG YUNG, <br><br>     Plaintiff, <br><br>  v. <br><br> INSTITUTIONAL TRADING COMPANY, a corporation, IT.COM, a corporation, DOES 1 to 10, <br><br>     Defendants. | Case No. 07-5949 SC <br><br> ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND GRANTING DEFENDANTS' MOTION TO <u>TRANSFER</u> |

## I. **INTRODUCTION**

This matter comes before the Court on the Motion to Dismiss for Lack of Personal Jurisdiction filed by the defendants Institutional Trading Company and IT.com (collectively "Defendants"). Docket No. 8. Defendants also seek, in the alternative, transfer of the case to the United States District Court for the District of Columbia. Plaintiff Kwong Yung filed an Opposition and Defendants submitted a Reply. Docket Nos. 12, 14. For the following reasons, the Court DENIES Defendants' Motion to Dismiss and GRANTS Defendants' Motion to Transfer the case to the District of Columbia.

///

**II. BACKGROUND**

In November 2005, Defendants hired Plaintiff as a supervising engineer for what Plaintiff alleges was a three year contract. Notice of Removal, Docket No. 1, Ex. A, Compl. ¶¶ 3, 4. Plaintiff alleges that Defendants breached this contract when they fired him without cause in December 2006. Id. ¶ 5. Plaintiff then filed suit in the California state Superior Court in San Francisco. Id. Defendants subsequently removed the action to this Court based on diversity jurisdiction. Defendants allege that they are based in Washington D.C. and that Plaintiff resides in the Northern District of California. Defendants then filed the present motion, asserting that Defendants are not subject to personal jurisdiction in the Northern District of California.

**III. DISCUSSION**

Defendants have submitted substantial evidence indicating that they have little, if any, contact with California. See Cordover Decl., Docket No. 9.[1] Cordover states that Defendants have their principal places of business and are incorporated in Washington D.C. Id. ¶ 3. Neither Defendant has any offices, bank accounts, rental agreements, clients, advertising, or other contacts with California. Id.

Plaintiff, conversely, submitted a declaration stating that he signed the employment agreement in Northern California, the work he was hired to perform was to be done, in part, in Northern

---

[1] Mark Cordover is the chief executive officer of Institutional Trading Corporation and IT.com. Cordover Decl. ¶ 2.

2

California, and that he traveled to Northern California from Washington D.C. on several occasions for work-related purposes. See Yung Declaration ¶¶ 2-5.  Plaintiff's Declaration, however, contains only the electronic signature "/s/" and does not contain an imaged signature.  Pursuant to General Order No. 45X.B., a signature attestation is required for any non-imaged signature and such an attestation is lacking here.  It thus appears that Plaintiff has submitted an unsigned declaration.  See 28 U.S.C. § 1746.

Even assuming, arguendo, that Plaintiff had signed his Declaration and that the Court could consider the information it contains, justice would best be served by transfer of the present action to the District of Columbia.  28 U.S.C. § 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  In addition, where, as here, "defendants have challenged a court's power over their person and, at the same time, have moved alternatively for transfer, the interests of judicial economy are best served by initial address of the transfer issue." Teleprompter Corp. v. Polinsky, 447 F. Supp. 53, 54-55 (S.D.N.Y. 1977); see also Goldlawr, Inc. v. Heiman, 369 U.S. 463 (1962). With these ideas in mind, the Court thereby DENIES Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and GRANTS Defendants' Motion to Transfer the present case to the District of Columbia.

3

**IV.  CONCLUSION**

For the reasons stated above, the Court DENIES Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and GRANTS Defendants' Motion to Transfer the present action to the District of Columbia.


IT IS SO ORDERED.


Dated: April 14, 2008

_____
UNITED STATES DISTRICT JUDGE