**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

---------------------------------------------------------------x

KWONG YUNG,

                        Plaintiff,

        v.

INSTITUTIONAL TRADING COMPANY,       Civ. No.: 1:80-cv-00662
*et al*.,

                        Defendants.

---------------------------------------------------------------x

**DEFENDANT INSTITUTIONAL TRADING COMPANY AND
DEFENDANT IT.COM'S ANSWER TO PLAINTIFF'S COMPLAINT**

      Defendants Institutional Trading Company and IT.com ("Defendants") hereby answer Plaintiff's Complaint. Any allegation not explicitly admitted below is hereby denied.

I.       Defendants admit they are corporations and they do business in the United States. Defendants also admit Plaintiff is an individual. Defendants deny the remaining allegations in paragraph I.

II.      Defendants do not have sufficient knowledge to admit or deny the allegations concerning Plaintiff's knowledge of Does 1-10. The remaining allegations in paragraph II state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph II.

III.     Defendants admit Plaintiff was offered employment on or about November 26, 2005, and Plaintiff accepted employment. Defendants deny the remaining allegations in paragraph III.

IV.     Defendants admit Plaintiff was offered a salary of $110,000 per year and 3% of the stock in IT.com under certain conditions. Defendants admit they agreed to reimburse plaintiff for a certain amount of business travel. Defendants deny the remaining allegations in paragraph IV.

V.    Defendants admit Plaintiff was terminated on or about December 12, 2006. Defendants deny the remaining allegations in paragraph V.

VI.    Defendants deny the allegations in paragraph VI.

    Wherefore, Defendants deny Plaintiff is entitled to any relief or damages, including the relief sought by paragraph VI.

VII.    Defendants incorporate by reference its responses to the allegations contained in paragraphs I through VI of the Complaint as if fully set forth herein.

VIII.    Defendants deny the allegations in paragraph VIII.

IX.    Defendants deny the allegations in paragraph IX.

X.    Defendants deny the allegations in paragraph X.

    Wherefore, Defendants deny Plaintiff is entitled to any relief or damages, including the relief sought by paragraph X.

XI.    Defendants incorporate by reference its responses to the allegations contained in paragraphs I through X of the Complaint as if fully set forth herein.

XII.    Defendants deny the allegations in paragraph XII.

XIII.    Defendants deny the allegations in paragraph XIII.

XIV.    Defendants are without sufficient information to form a belief as to fair market value of the computer at issue. Defendants deny the allegations in paragraph XIV.

    Wherefore, Defendants deny Plaintiff is entitled to any relief or damages, including the relief sought by paragraph XIV.

XV.    Defendants incorporate by reference its responses to the allegations contained in paragraphs I through XIV of the Complaint as if fully set forth herein.

XVI.    Defendants deny the allegations in paragraph XVI.

XVII.   Defendants deny the allegations in paragraph XVII.

XVIII.   Defendants deny the allegations in paragraph XVIII.

XIX.   Defendants deny the allegations in paragraph XIX.

Wherefore, Defendants deny Plaintiff is entitled to any relief or damages, including the relief sought by paragraph XIX.

## FIRST CAUSE OF ACTION

Defendants deny Plaintiff is entitled to any damages or relief on the First Cause of Action including the relief sought by paragraphs 1 through 8.

## SECOND CAUSE OF ACTION

Defendants deny Plaintiff is entitled to any damages or relief on the Second Cause of Action including the relief sought by paragraphs 1 through 6.

## THIRD CAUSE OF ACTION

Defendants deny Plaintiff is entitled to any damages or relief on the Third Cause of Action including the relief sought by paragraphs 1 through 6.

## FOURTH CAUSE OF ACTION

Defendants deny Plaintiff is entitled to any damages or relief on the Fourth Cause of Action including the relief sought by paragraphs 1 through 5.

## **AFFIRMATIVE DEFENSES**

As affirmative defenses to the Complaint, Defendants allege as follows:

### **First Defense**

The Complaint, in whole or in part, fails to state a cause of action upon which relief can be granted as a matter of fact and/or law.

**Second Defense**

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations, election of remedies, failure to exhaust administrative remedies, and / or jurisdictional prerequisites to suit.

**Third Defense**

Plaintiff's claims for damages are barred or reduced by his failure to mitigate the alleged damages or by his mitigation of such damages.

**Fourth Defense**

At all times relevant hereto, Defendants acted in good faith and took reasonable steps to ensure its employees acted in good faith toward Plaintiff and did not violate any rights that may be secured to Plaintiff under any federal, state, or local laws, rules, regulations or guidelines.

**Fifth Defense**

Plaintiff's punitive damage claims are barred because Defendants did not engage in any conduct which would rise to the level required to sustain an award of punitive damages.

**Sixth Defense**

Assuming Plaintiff's allegations were sufficient to warrant an award of punitive damages (and they are not), an award of punitive damages would be precluded by Defendants' good faith efforts to comply with the law.

**Seventh Defense**

Plaintiff's claims are barred and/or recovery of damages is precluded due to Plaintiff's own misconduct that may be revealed during the discovery process (after-acquired evidence doctrine).

**Eighth Defense**

All or a portion of Plaintiff's claims are barred by estoppel, release, laches, set-off, or waiver.

**Ninth Defense**

Plaintiff's claims are barred and/or recovery of damages is precluded due to the Statute of Frauds.

**Tenth Defense**

There exists a bona fide dispute as to the wages sought in the Complaint.

**Eleventh Defense**

To the extent Plaintiff alleges the existence of an employment contract, Defendants deny any such contract existed.

**Twelfth Defense**

To the extent Plaintiff alleges the existence of an employment contract, Defendants were excused and released from any obligation to perform its purported contractual duties by reason of Plaintiff's substantial and material breach of the alleged contract.

**Thirteenth Defense**

Plaintiff never made a demand for the property subject of the conversion claim.

**Fourteenth Defense**

One corporate Defendant did not employ Plaintiff.

**Fifteenth Defense**

Plaintiff never had legal or equitable title to the property subject to his conversion claim. At all times relevant to this case, the property subject to the conversion claim was owned by one or more Defendants.

**Sixteenth Defense**

Plaintiff fails to identify the source of his injuries such that joinder of Does is appropriate. Therefore claims against unidentified Does 1-10 are improper.

WHEREFORE, Defendants request that the Court dismiss Plaintiff's Complaint and award Defendants fees and costs.

Respectfully submitted,

**JACKSON LEWIS LLP**

June 19, 2008

by: /s/ John M. Remy
John M. Remy (D.C. Bar No.461244)
Joel J. Borovsky (D.C. Bar No. 974182)
8614 Westwood Center Drive; Suite 250
Vienna, Virginia 22182
Direct Dial: (703) 821-2189
Fax: (703) 821-2267
*Counsel for Defendants Institutional Trading Company and IT.com*